IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CR-8-FL-1
No. 7:12-CV-228-FL

| | |
|---|---|
| QUINTIN FIELDS, | ) |
| Petitioner, | ) |
| v. | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 26, 29), pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and motion to amend (DE 36) under Miller v. United States, 735 F.3d 141 (4th Cir. 2013). The court directed the government to show cause why petitioner's convictions for felon in possession of a firearm should not be vacated in light of Simmons. The government responded asserting that Simmons does not provide relief on the merits. For the reasons stated below, the court denies petitioner's motions.

**BACKGROUND**

Petitioner pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (counts 1 and 2); and possession with intent to distribute more than five (5) grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (count 3). On December 10, 2009, petitioner was sentenced to concurrent terms of 105 months imprisonment on each count. Petitioner did not file a direct appeal. On August 9, 2012, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255, arguing that he was improperly convicted of being a felon in possession of firearm in light of Simmons. The government initially contend in response that

petitioner's motion was untimely and that the court need not address the claim because of petitioner's concurrent sentence as to the crack cocaine offense. After holding the case in abeyance pending Miller, the court directed the government to show cause why petitioner's convictions for felon in possession of a firearm should not be vacated in light of Simmons, on the basis of actual innocence, notwithstanding the viability of the conviction and sentence on count three.

**DISCUSSION**

Simmons "requires examination of three pieces of evidence: the offense class, the offender's prior record level, and the applicability of the aggravated sentencing range." Simmons 649 F.3d at 247 n. 9. "From this, it is a simple matter to refer to the statutory table provided by the Structured Sentencing Act and compute the applicable maximum punishment." Id. "The maximum sentence the particular defendant faced – not the sentence actually imposed – controls whether the defendant had a qualifying predicate felony." United States v. Kerr, 737 F.3d 33, 38 (4th Cir. 2013).

"North Carolina law establishes three sentencing ranges based on the appropriate offense class and prior record level." Id. (citing N.C. Gen.Stat. § 15A–1340.17(c)). "The presumptive sentencing range is the default." Id. "The sentencing judge may deviate from the presumptive range if the judge makes written findings of aggravating or mitigating factors . . . [,] [b]ut North Carolina law also provides that a judge may sentence a defendant in the presumptive range even if the judge finds that mitigating factors outweigh those in aggravation." Id. (internal quotations omitted). Thus, the presumptive range for a particular defendant is the pertinent sentencing range for determining whether a prior conviction qualifies as a predicate offense under Simmons. See id. (holding that prior conviction qualified where state court sentenced defendant to a mitigated range of 8 to 10 months imprisonment, given that state court remained free to sentence defendant to a presumptive term of up to 14 months).

2

In this case, petitioner was convicted of common law robbery, a felony, in Robeson County Superior Court, on April 15, 2004. (See Presence Report at 4 ¶ 9). He pled guilty and was sentenced to 10 to 12 months custody. (Id.). Common law robbery is a Class G felony under North Carolina law. Even assuming the lowest criminal history category possible, the presumptive sentencing range is between 10 to 16 months. See N.C. Gen. Stat. § 15A-1340.17(c)-(d); 2011 N.C. Laws S.L. 2011-192 (H.B. 642) (showing pre-2011 ranges). Accordingly, where petitioner was subjected to a sentence exceeding 12 months imprisonment, his prior conviction qualifies as a predicate offense under Simmons. See Kerr, 737 F.3d at 38. Thus, petitioner is not actually innocent of counts one and two for which he was convicted, and petitioner's motions must be denied.

A § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). After reviewing the claim presented in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and that none of the issues presented by petitioner are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

Based on the foregoing, petitioner's motions are DENIED. A certificate of appealability is DENIED.

SO ORDERED, this 3rd day of July, 2014.

LOUISE W. FLANAGAN
United States District Judge